12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie B. HADLEY, Jr., Plaintiff-Appellant,
v.
Howard A. PETERS III,** et al., Defendants-Appellees.
 No. 92-2726.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 18, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Willie B. Hadley, Jr., brought an action under 42 U.S.C. Sec. 1983 alleging that while he was confined at the Illinois River Correctional Center, the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and denied him access to the courts in violation of the First Amendment. The district court granted the defendants' motion for summary judgment. We affirm.[1]
 
 
 2
 Hadley asserts that his rights under the Eighth Amendment were violated because: (1) he was not provided with toilet paper for over 11 hours; (2) the prison's heating system malfunctioned over a five-day period; and (3) the floor, tables, chairs, and utensils in the prison dining room contained dried food. The approximate eleven-hour delay in providing Hadley with toilet paper does not rise to the level of a violation of the Eighth Amendment. Harris v. Fleming, 839 F.2d 1232, 1234-36 (7th Cir.1988).
 
 
 3
 Hadley's claim of inadequate heating is also without merit. A prisoner has a constitutional right to adequate protection from extreme cold. Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir.1991), cert. denied, 112 S.Ct. 1578 (1992). A constitutional violation arose in Henderson when the heating system malfunctioned during sub-zero temperatures of up to 22 degrees below zero with a corresponding wind chill factor of 80 degrees below zero. Id. at 1057. The weather conditions in this case were far different from those at issue in Henderson. The district court took judicial notice that the temperatures in the area of the prison ranged from 29 to 68 degrees Fahrenheit from April 2 through 7.[2] In addition, Hadley never requested extra blankets or gloves during this period. In these circumstances Hadley was not deprived of his constitutional right to adequate heat.
 
 
 4
 With respect to Hadley's inadequate food claim, the state is obliged to provide each inmate with a " 'healthy, habitable environment.' " French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985) (citation omitted), cert. denied, 479 U.S. 817 (1986). This obligation includes providing " 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of inmates who consume it.' " Id. Hadley presented no evidence that the food he was served was nutritionally inadequate or that it presented an immediate danger to his health. Hadley merely asserted that the sight of the food made him ill. Such an assertion fails to rise to the level of a constitutional violation.
 
 
 5
 Hadley argues that he was unconstitutionally denied access to the courts when prison officials returned his outgoing mail for failure to complete a money voucher despite his lack of sufficient funds. Under departmental regulations, all inmates are entitled to send three first-class letters per week at state expense. Ill.Admin.Code tit. 20, Sec. 525.130(a) (1985).[3] Inmates may send additional letters with postage costs deducted from their trust fund accounts if they attach signed money vouchers to cover the postage. Ill.Admin.Code tit. 20, Sec. 525.130(b) (1985). Inmates with insufficient funds in their accounts may only send additional legal mail in "reasonable" amounts at state expense. Id. This regulation does not unconstitutionally impede an inmate's access to the courts. Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir.1986). An inmate has no right to unlimited free postage, and prison authorities may reasonably balance the rights of inmates to use the mails with prison budgetary considerations. Id. Therefore, Hadley was not denied his constitutional right of access to the courts when prison officials required him to attach a money voucher to his outgoing mail.
 
 
 6
 Hadley's final argument is that the district court erroneously refused to compel production of his medical records. The district court has broad discretion to deny discovery and will not be reversed "except upon a clear showing that a denial of discovery would result in actual and substantial prejudice to the complaining litigant." Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 744 (7th Cir.1985). Hadley's complaint made no allegation that he suffered any physical injury as a result of prison conditions. Therefore, the district court's failure to compel production of his medical records resulted in no actual and substantial prejudice to Hadley.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Howard A. Peters III is substituted for his predecessor, Kenneth McGinnis, as Director of the Illinois Department of Corrections. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Hadley's challenge to double-celling at the Illinois River Correctional Center is waived because it does not appear in his brief. Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 5 (7th Cir.1992)
 
 
 [2]
 The district court order states that the heating breakdown at the prison occurred in 1992. We assume that this is merely a typographical error, and that the weather conditions of which the district court took judicial notice occurred in 1990
 
 
 [3]
 Section 525.130 was not amended until December 1, 1990. See 14 Ill.Reg. 19875